**UNITED STATES of America**

**v.**

**David E. DOUGLAS a/k/a David D. Mitchell, Appellant.**

**No. 72-2150.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 30, 1973.

Decided Nov. 19, 1973.

Raymond E. Cahill, Washington, D. C. (appointed by this Court), for appellant.

Steven R. Schaars, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Charles H. Roistacher, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and McGOWAN and MacKINNON, Circuit Judges.

PER CURIAM:

Appellant alleges that he was denied his right to a speedy trial. We remand the record for supplementation to provide an adequate basis for our review function.

I

Reduced to bare essentials, the facts are as follows. Appellant was arrested on August 28, 1971, in connection with a burglary earlier that day. At the time of his arrest, appellant was on parole from an eight year sentence for burgla-

ry imposed in 1967. His arrest eventually led to the revocation of parole.

After a preliminary hearing, appellant was indicted for first degree burglary, petit larceny, unauthorized use of a vehicle and grand larceny. On November 11, 1971, a United States Magistrate appointed counsel to represent appellant. Appointed counsel was not present when appellant was arraigned and pled not guilty in the District Court on November 19, 1971.

There is no record of any action by the government, appellant, or his counsel until a status call on March 1, 1972. At that time appellant's counsel moved to vacate her appointment and the motion was granted. No reason for the motion appears in the record. Substitute counsel was appointed, and on March 10 the trial was set for March 17.

The trial, however, did not take place on that date. The government subsequently stated that the trial date was continued at its request because of the unavailability of the complaining witness.

After the March 17 postponement appellant made several unsuccessful requests, both *pro se* and through counsel, to have his indictment dismissed because he had not received a speedy trial. Finally, on August 31—one year and three days after his arrest—appellant was tried and convicted on all four counts.

## II

■ Evaluating an alleged deprivation of the right to a speedy trial requires a careful balancing in which the conduct of both the government and the defendant are weighed.[1] Four factors have been identified as relevant: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.[2]

■ On the record before us we are unable to properly weigh these factors in appellant's case. The record is inadequate in the following respects:

1) Between the appointment of counsel on November 11, 1971, and the status call on March 1, 1972, there is nothing to indicate the cause of the delay or whether appellant asserted his right to a speedy trial. The record does not disclose whether appointed counsel was available to assist appellant during this period. Thus we can only speculate as to whether the delay was attributable to the government, the appellant, or the ineffective assistance of his counsel.

2) There is no information concerning the parole revocation proceedings involving appellant. Again, we are left to speculate as to whether court appointed counsel aided appellant in these proceedings and was therefore unable to avoid the delay, or whether appellant had other counsel or no counsel working on the parole matter.

3) The government's complaining witness was unavailable for the March 17, 1972, trial date, but the record does not indicate whether she was unavailable for the entire period until the August 31, 1972 trial. Nor does it appear whether the government communicated to appellant or the court the reason for the delay after March 17.

Upon remand a hearing will clarify these matters and others that may surface in the wake of their clarification. "[N]either one judge's surmise nor another's doubt can take the place of proof."[3]

Record remanded for supplementation.

---

1. Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972).

2. *Id.* Appellant alleges that he was prejudiced because if he had been tried sooner, his sentence would have been "more nearly concurrent with the sentence imposed in his prior conviction." Appellant's brief at 26.

3. United States v. DeCoster (1973), 159 U.S. App.D.C. —— at ——, 487 F.2d 1197 at 1204.